IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NIXON PAUL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:26cv905 |
| | ) | **Electronic Filing** |
| **LEONARD ODDO,** | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM ORDER</u>

AND NOW, this 20th day of May, 2026, upon due consideration of petitioner's motion for

a temporary restraining order, IT IS ORDERED that [3] the motion be, and the same hereby is,

denied.

A case management order has been entered setting this case on track for an expedited

resolution.  To the extent petitioner seeks relief beyond the expedited schedule, petitioner has

failed to satisfy the procedural and substantive requirements for an *ex parte* order under Rule 65,

and the court lacks jurisdiction to enjoin the Department of Homeland Security from transferring

petitioner under 8 U.S.C. § 1252(a)(2)(B)(ii) in any event.  <u>See</u> <u>Calla-Collado v. Attorney</u>

<u>General of U.S.</u>, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of

Homeland Security ("DHS") with authority to enforce the nation's immigration laws.  Thus, as a

part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien

in deportation proceedings . . . and therefore, to transfer aliens from one detention center to

another.'") (quoting <u>Gandarillas-Zambrana v. Bd. Of Immigration Appeals</u>, 44 F.3d 1251, 1256

(4th Cir. 1995)); and

IT FURTHER IS ORDERED that [2] petitioner's motion for expedited review is granted

to the extent it seeks expedited consideration of the petition in a manner consistent with the Case

Management Order entered in this case and denied in all other aspects.

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge


cc:   NIXON PAUL
      A233 163 025
      MOSHANNON VALLEY PROCESSING CENTER
      555 GEO DRIVE
      PHILIPSBURG, PA 16866

      (*Via First Class Mail*)